## 29767. SIMMONS et al. v. GIGI FRANCHISES, INC.

GUNTER, Justice.

This is an interlocutory appeal from a temporary order entered in favor of the franchisor-appellee by the trial court after a hearing on the franchisor's motion for a temporary injunction. The trial judge entered a comprehensive order which allowed the franchisee to continue operating under the franchise agreement pending the termination of the litigation, but it required the franchisee to pay all fees, past due and to become due during the pendency of the litigation, to the franchisor in accordance with the terms of the franchise agreement. The franchisee appealed to this court and obtained an order of supersedeas from the trial court with respect to past due fees in the amount of $17,004.05. Therefore, as we view this record, the trial judge allowed the franchisee to continue operations under the terms of the franchise agreement pending termination of the litigation, but he attached the condition that all fees coming due under the franchise agreement during the litigation must be paid to the franchisor. He also attached the condition that past due fees that had been computed as being due from the

franchisee to the franchisor under the terms of the agreement be paid, but he superseded the payment of this sum during an interlocutory appeal to this court.

We find no abuse of the trial judge's discretion in this matter, and we affirm.

The claims and cross claims between these parties arose out of contracts entered into on or about July 29, 1970. At that time the franchisee purchased a restaurant from the franchisor pursuant to a purchase contract and at the same time entered into a franchise contract with the franchisor for a franchised operation for a period of ten years. One of the terms of the sales contract was that the franchisor agreed not to compete with the franchisee within a radius of two miles of the restaurant sold to the franchisee. On the same day of the transactions with the franchisee, the franchisor sold to one Willie Hill another restaurant which was already in operation and located 1.9 miles from the restaurant sold to the franchisee. The franchisor also entered into a franchise agreement with Hill, but neither franchise agreement, the one with Hill or the franchisee, reserved to the franchisor the right to prohibit the expansion of the size or services of either restaurant. The franchisor's transactions with both Hill and franchisee occurred simultaneously, and both Hill and the franchisee were represented at the closing by the same attorney.

Everything went along fine until the spring of 1973 when Hill expanded his restaurant operations. Prior to that time he had operated only a "take-out" restaurant without inside tables and waiters and waitresses. He then began operating a "sit-down" restaurant rather than a mere "take-out" restaurant.

The franchisee considered Hill's expansion a violation of the covenant not to compete within two miles contained in the contract of sale with the franchisor, and by implication, a violation of the franchise agreement between the franchisee and the franchisor. Because of this alleged breach, the franchisee began withholding franchise fees due the franchisor.

The franchisor then notified the franchisee that the franchise was being terminated for nonpayment of the franchise fees; the franchisee continued its operation

under the terms of the franchise; and the franchisor then filed suit to enjoin the franchisee from operating the restaurant under the terms of the franchise because of the failure to pay the franchise fees.

The franchisee then filed its counterclaims to the franchisor's action contending that it had been damaged by the expansion of the Hill restaurant and seeking a declaratory judgment against franchisor to the effect that a noncompetition covenant that it had signed with franchisor was invalid. This covenant provided that if the franchise agreement was terminated for any reason, the franchisee would not compete with the franchisor for a period of two years in the Greater Atlanta area as defined in the agreement.

The trial judge then conducted a hearing on franchisor's motion for a temporary injunction. He received evidence and then entered the temporary order referred to above. The franchisee has appealed.

The franchisee first contends here that the trial judge committed error in finding that past-due franchise fees were due and must be paid by the franchisee to the franchisor. The franchisee does not contest the amount, for it appears to have been agreed upon by the parties, but contends that the trial judge had adjudicated this issue finally at a temporary hearing. We do not think he did. If the trial judge found, as we think he did, that there was probable cause to believe that the franchisee had breached the agreement, then he could either have enjoined the franchisee from further operations under the franchise or he could have continued to permit continued operations under the franchise agreement upon certain conditions. We think that he ordered continued operations under the franchise agreement pending the litigation on the condition that past-due franchise fees be paid and that franchise fees coming due during the pendency of the litigation be paid. His temporary order did not adjudicate any issues finally, either for the franchisor or the franchisee. He merely ruled that the franchise fees would have to be paid pending the litigation, and there is ample evidence in the record to support this conclusion. Upon the trial of the case the franchisee will have ample opportunity to assert and

prove its claims against the franchisor.

The franchisee also contends that the trial court committed error "in its finding that appellants are not entitled to a set off or deduction as a result of alleged breaches of the purchase agreement." We do not interpret the temporary order as a final adjudication of this issue. We think the trial judge merely ruled that since the franchise operation will continue during litigation, the franchisee receiving the benefits of the franchise agreement, such a set off or deduction pending the litigation was not justified. The trial judge did not abuse his discretion in so holding.

The franchisee next contends that the trial court committed error in failing to rule on the franchisee's request for a declaratory judgment with respect to the restrictive covenant provisions of the franchise agreement being invalid. Paragraph 21 of the temporary order was as follows: "Since the Court does not intend, at this time, to enter orders having the effect of putting the defendants (franchisee) out of business, but intends, instead, to order the defendants (franchisee) to comply with the franchise agreement, it is unnecessary to and the court declines to rule upon the issue of the enforceability or not of the restrictive covenant in the franchise agreement."

This issue was specifically reserved for later determination in the trial court. Furthermore, as we read the record, the franchisee contests the validity on the noncompetition covenant solely on the ground of excessiveness of the territorial restriction in the event of termination of the franchise agreement. This is an issue of fact, and this record does not demand a finding of the invalidity of the restrictive covenant as a matter of law. Therefore, the trial judge did not abuse his discretion in failing or refusing to rule on this issue at a hearing on a motion for a temporary injunction.

The franchisee has enumerated two other errors, and we also find them to be without merit.

*Judgment affirmed. All the Justices concur, except Hill, J., disqualified.*

ARGUED APRIL 15, 1975 — DECIDED OCTOBER 1, 1975.

*Nall, Miller & Cadenhead, J. Wayne Pierce,* for appellants.

*Haas, Holland, Levison & Gibert, Hugh W. Gibert, Ira Genberg,* for appellee.